UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURLEY D. TOMPKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　Defendant. | No.  2:12-cv-01481 JAM-GGH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　This matter is before the Court on Defendant Union Pacific Railroad Company's ("Defendant") Motion to Dismiss the first and second causes of action (Doc. #7).  Plaintiff Burley Tompkins ("Plaintiff") opposes the motion (Doc. #9).[1]

///
///
///
///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 19, 2012.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint (Doc. #1) with this Court on June 1, 2012. Plaintiff alleges seven causes of action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60: (1) negligence in 1998; (2) negligence—deprivation of medical care in 1998; (3) negligence in 2011; (4) violation of the Federal Safety Appliance Act, 49 U.S.C. §§ 20301-20306; (5) violation of the Federal Locomotive Inspection Act, 49 U.S.C. §§ 20701-20703; (6) Violation of Federal Safety Regulation, 49 C.F.R. § 229.45; and (7) Violation of Federal Safety Regulation, 49 C.F.R. § 229.13. As noted above, Defendant only challenges the first two claims in the instant motion.

A. <u>First Cause of Action—Negligence in 1998</u>

Plaintiff alleges that in or about August through October 1998, he was working for Defendant at Defendant's Oroville yard near Oroville, California. During work, a trespasser startled him while he was releasing the handbrakes of an open-top gondola car. As a result, he fell from the railcar and sustained a back injury.

B. <u>Second Cause of Action—Deprivation of Medical Care in 1998</u>

Plaintiff alleges that he attempted to timely report his injury to Defendant, but Defendant's manager harassed and intimidated him by threatening to terminate him if he made an on-duty injury claim. Defendant intended to discourage and prevent Plaintiff from timely filing an on-duty injury claim and from seeking proper medical treatment until the statute of limitations had run. Defendant also prevented Plaintiff from

seeking and receiving proper medical treatment from in or about August through October 1998 until about April 2010.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Discussion

Defendant moves to dismiss Plaintiff's first and second causes of action for failure to plead facts that demonstrate Plaintiff has satisfied the statute of limitations and for failure to state a claim pursuant to FELA. Both parties agree that the injury alleged in Plaintiff's first and second causes of action occurred in 1998 and would be barred by the three-year statute of limitations unless an equitable doctrine applies. Plaintiff argues that the Defendant should be estopped from asserting the statute of limitations as a defense because Defendant engaged in improper behavior by threatening him with termination if he filed a claim. Defendant responds that one threat of termination is insufficient to estop Defendant from asserting the statute of limitations eleven years after the limitations period expired.

FELA provides railroad employees with a private cause of action for job-related injuries caused by an employer's negligence. 45 U.S.C. §§ 51-60. The statute of limitations for FELA claims is three years from the day the cause of action accrued. 45 U.S.C. § 56. The cause of action accrues when an employee knows or has reason to know of the injury and its cause. Frasure v. Union Pac. R. Co., 782 F. Supp. 477, 480 (C.D. Cal. 1991) (collecting cases).

Nonetheless, this limitation period is flexible, and under appropriate circumstances, it may be extended beyond three years for equitable reasons. Burnett v. New York Cent. R. Co., 380 U.S. 424, 427 (1965); Atkins v. Union Pac. R. Co., 685 F.2d 1146, 1148 (9th Cir. 1982). The Ninth Circuit recognizes two

equitable doctrines: (1) equitable tolling and (2) equitable estoppel.  See Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981).

### 1. Equitable Tolling

Equitable tolling "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

Defendant argues that equitable tolling does not apply. Plaintiff does not respond to this argument in his opposition. The Court finds that plaintiff has not pleaded facts to show that Plaintiff was unable to obtain vital information. Accordingly, equitable tolling is not applicable.

### 2. Equitable Estoppel

Equitable estoppel focuses on the defendant's affirmative actions that prevent a plaintiff from filing a suit. Id. at 1176 (citing Naton, 649 F.2d at 696). To determine whether equitable estoppel applies, courts consider several factors, such as whether the plaintiff actually relied on the defendant's representations, whether such reliance was reasonable, whether there is evidence that the defendant's purpose was improper, whether the defendant had actual or constructive knowledge that its conduct was deceptive, and whether the purposes of the statute of limitations have been satisfied. Naton, 649 F.2d at 696 (citations omitted). To survive a motion to dismiss, the plaintiff must plead with particularity the conduct that gives rise to the estoppel. Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2003).

Plaintiff contends that threatening an employee with termination to prevent the employee from filing a suit under certain circumstances might be grounds for estoppel. See Longo v. Pittsburgh & L. E. R. Co., New York Cent. Sys., 355 F.2d 443, 444 (3d Cir. 1966). In response, Defendant argues that Plaintiff has alleged insufficient facts to satisfy the equitable estoppel factors because Plaintiff waited eleven years after the expiration of the statute of limitations to file this suit even though Plaintiff was not harassed or threatened in those years.

Even if a threat of termination were enough for equitable estoppel to apply, it does not apply here because Plaintiff has not alleged sufficient facts to estop Defendant from asserting the statute of limitations as a defense eleven years after the statute of limitations expired. If a plaintiff allows a claim to remain dormant for years and does not allege that any misrepresentations, misunderstandings, or threats occurred in those years, equitable estoppel will not apply. Fletcher v. Union Pac. R. Co., 621 F.2d 902, 906 (8th Cir. 1980); Holifield v. Cities Serv. Tanker Corp., 421 F. Supp. 131, 137 (E.D. La. 1976) aff'd, 552 F.2d 367 (5th Cir. 1977) (dismissing the plaintiff's claim because the plaintiff allowed it "to lay dormant for over four years without any taint of the defendant's alleged misrepresentation or his own misunderstanding concerning the injury"). In Fletcher, the Eighth Circuit affirmed that portion of the district court's opinion dismissing the plaintiff's FELA claim on timeliness grounds. 621 F.2d at 907. The plaintiff argued that equitable estoppel should apply

because the defendant's agents delayed his action due to their erroneous diagnoses of his injury. Id. at 906. In rejecting this argument and affirming the dismissal, the Eighth Circuit noted that "the railroad's misrepresentations will not estop it from asserting the statute of limitations where a substantial period of time supervened after expiration of the delay caused by the railroad." Id. (citing Holifield, 421 F. Supp. at 134). Accordingly, there was no equitable estoppel "simply because there was no misrepresentation within three years of filing suit." Id. at 907.

Fletcher is instructive in this case because Plaintiff has not alleged any facts showing that in the past eleven years, Defendant has harassed Plaintiff or intimidated him in order to discourage him from filing. Plaintiff has only alleged that Defendant's intent to discourage him from filing continued until the statute of limitations had run, which was in 2001. Plaintiff also alleges that Defendant prevented Plaintiff from seeking and receiving proper medical treatment until about April 2010. However, Plaintiff does not allege in particularity any facts that show affirmative actions by Defendant, such as threats or misrepresentations, that occurred within the past eleven years. Therefore, Plaintiff has allowed his claim to remain dormant. Because a substantial period of time supervened after expiration of the delay caused by Defendant, Defendant is not estopped from using the statute of limitations as a defense. Plaintiff's first and second causes of action are therefore barred by FELA's three-year statute of limitations unless Plaintiff can allege facts to show affirmative actions by

Defendant within the past eleven years.

      3.   <u>Failure to State a Claim under 49 C.F.R. § 225.33</u>

Defendant also argues that Plaintiff's second cause of action should be dismissed for failure to state a claim under 49 C.F.R. § 225.33.  The Court need not address this argument at this time.

### III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this Order.  If Plaintiff elects not to file an Amended Complaint, the case will proceed on the original Complaint without the first and second causes of action.

IT IS SO ORDERED.

Dated: October 1, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE