1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  BURLEY D. TOMPKINS,                    No. 2:12-CV-1481-CMK

12            Plaintiff,

13        vs.                              <u>PRE-TRIAL ORDER</u>

14  UNION PACIFIC RAILROAD
    COMPANY,
15
              Defendant.
16
    _____/
17

18          Plaintiff brings this civil action under the Federal Employers Liability Act, 45

19  U.S.C. § 51, et seq.  Pursuant to the written consent of all parties, this case is before the

20  undersigned as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28

21  U.S.C. § 636(c).  The parties have submitted separate pre-trial statements (Docs. 67 and 68) and

22  appeared for a pre-trial conference on June 24, 2015.

23  / / /

24  / / /

25  / / /

26  / / /

1

# I.  BACKGROUND & LEGAL ISSUES

This action proceeds on the first amended complaint (Doc. 17).  Of the seven claims raised, five remain following the court's March 8, 2013, order (Doc. 22) dismissing plaintiff's second claim for violation of 49 C.F.R. § 225.33 with prejudice, and the court's June 24, 2015, order (Doc. 69) granting summary adjudication on plaintiff's first claim for negligence.

The remaining claims for negligence (based on alleged breach of common law duties as well as alleged violations of federal statutes and regulations) arise from an incident occurring on June 28, 2011.  At that time, plaintiff was riding on a train traveling from Sparks, Nevada, to Elko, Nevada, when the train made what the parties characterize as an "undesired emergency stop" or "undesired braking application."  Plaintiff claims this resulted in injury.

Plaintiff seeks past and future economic and general damages, costs of suit, post-judgment interest, and attorneys' fees and costs.

# II.  STIPULATED FACTS

The parties have not submitted a list of any stipulated facts.

# III.  DISPUTED FACTUAL ISSUES

Based on the parties' separate pre-trial statements, the following factual issues appear to be in dispute with respect to the June 2011 incident:

1. Whether plaintiff was injured in the June 2011 incident and, if so, the nature and extent of such injury.

2. Whether any injury was caused by the June 2011 incident.

3. Whether defendant exercised ordinary care to provide plaintiff a reasonably safe work environment, with reasonably safe equipment, tools, methods, and procedures, on June 28, 2011.

4. Whether defendant violated the Safety Appliance Act, 49 U.S.C. § 20302, et seq.

/ / /

2

5.   Whether defendant violated the Locomotive Inspection Act, 49 U.S.C. § 20701, et seq.

6.   Whether defendant violated 49 C.F.R. § 229.45.

7.   Whether defendant violated 49 C.F.R. § 229.13.

8.   Whether plaintiff's claimed medical special damages are reasonable and necessary.

9.   Whether plaintiff mitigated damages.

## IV.  DISPUTED EVIDENTIARY ISSUES

Plaintiff states that disputed evidentiary issues can be resolved by way of motions in limine, as follows:

1.   Motion to exclude evidence of collateral source payments received by plaintiff.

2.   Motion to exclude evidence suggesting jobs or job offers for plaintiff at Union Pacific Railroad Company.

3.   Motion to exclude evidence of defendant's "empowerment policy."

4.   Motion to exclude evidence of plaintiff's eligibility to retire at age 60.

5.   Motion to exclude evidence of any medical expenses paid by defendant.

6.   Motion to exclude evidence not previously produced of surveillance.

7.   Motion to exclude evidence suggesting an inference that plaintiff was addicted to pain medication and/or sold his prescriptions.

8.   Motion to exclude evidence of unrelated medical conditions.

9.   Motion to exclude evidence that plaintiff had a reduced work-life capacity prior to the June 2011 incident.

10.  Motion to exclude evidence suggesting that defendant's attorneys represent all employees of Union Pacific Railroad.

11.  Motion to exclude evidence from improperly designated rebuttal experts.

12.  Daubert motions regarding defendant's experts.

13.  Motion to exclude evidence of any biomechanical or causation opinions by Mark Pollan.

3

14. Motion to exclude evidence suggesting that plaintiff failed to mitigate damages.

15. Motion to exclude evidence of medicinal marijuana use by plaintiff.

Defendant states that disputed evidentiary issues can be resolved by way of motions in limine, as follows:

1. Motion to exclude evidence not previously disclosed.

2. Motions to exclude witnesses not previously disclosed, specifically Jim Ambrose, Ed Bird, Mike Hardisty, Brian Koepnick, Tom Martin, Jeff Whisler, and Lloyd Wilson.

3. Motion to exclude evidence of other personal injury or employment claims by Union Pacific Railroad employees.

4. Motion to exclude evidence or argument that locomotive vibration or other aspects of plaintiff's work environment caused or contributed to his injuries and that defendant was negligent with regard to same.

5. Motion to exclude character evidence of Harold Marvin Dunn and other Union Pacific Railroad managers.

6. Motion to exclude character evidence of plaintiff being a "good employee."

7. Motion to exclude evidence of statement allegedly made by Dr. Whitney to plaintiff.

8. Motions to exclude evidence of opinions from plaintiff's retained experts Jerel Glassman, D.O., William Hughes, Robert Johnson, and Carol Hyland.

9. Motions to exclude evidence from plaintiff's non-retained experts James Olson, M.D., Kenneth Pitman, M.D., and Denise Trease, Ph.D.

10. Motions to exclude hearsay statements from plaintiff's wife as well as Eric Bennett.

11. Motion to exclude evidence of plaintiff's wife's medical condition and testimony by plaintiff and his wife that plaintiff's wife's epilepsy was caused by plaintiff's back injury.

12. Motion to exclude evidence of speculative future medical treatment including surgery.

13. Motion to exclude evidence of plaintiff's financial condition.

1        14.    Motion to exclude "met too" evidence by non-party current or former
2               employees of Union Pacific Railroad, including testimony by plaintiff
about other employee experiences at Union Pacific Railroad.

## V.  WITNESSES

Plaintiff's witnesses are listed in "Attachment 1" to his pre-trial statement (Doc. 67), which is incorporated herein by reference.  Defendant's witnesses are listed in "Exhibit 1" to its pre-trial statement (Doc. 68), which is incorporated herein by reference.

## VI.  EXHIBITS

Plaintiff's exhibits are listed in "Attachment 2" to his pre-trial statement (Doc. 67), which is incorporated herein by reference.  Defendant's witnesses are listed in "Exhibit 2" to its pre-trial statement (Doc. 68), which is incorporated herein by reference.

## VII.  TRIAL

A jury trial is hereby confirmed for commencement on August 24, 2015, at 9:00 a.m. in Courtroom 4, 15th floor, in Sacramento, California.  Pursuant to Eastern District of California Local Rule 162.2(a), this matter shall be tried before a jury consisting of no fewer than six and no more than twelve members.  The parties have agreed to an eight-person jury.  The parties anticipate trial will last between five and seven days.

## VIII.  PROPOSED VOIR DIRE AND JURY INSTRUCTIONS

Pursuant to Eastern District of California Local Rule 162.1(a), examination of prospective jurors shall be conducted by the court subject to supplementation by counsel.  The parties are referred to Eastern District of California Local Rules 162.1 and 163 regarding proposed voir dire and proposed jury instructions, respectively.

/ / /

## IX. OBJECTIONS TO PRE-TRIAL ORDER

If timely objections to this pre-trial order are not filed, the order will become final without further order of the court.  Once final, no objections to this order will be considered.

## X. CONCLUSION AND ORDERS

1.      The court makes the following orders concerning witnesses:

a.      Documents may be authenticated by appropriate declarations submitted at time of trial;

b.      Each party may call any witnesses designated by the other;

c.      Witnesses not specified in this order will not be permitted to testify unless: (i) the party offering such unlisted witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pre-trial conference; or (ii) the witness was discovered after the pre-trial order issued and the proffering party makes the showing outlined below;

d.      Upon discovery of witnesses following issuance of this pre-trial order, the party shall promptly inform the court and the opposing party of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify; and

e.      Such newly discovered witnesses will not be permitted to testify unless:  (i) the witnesses could not reasonably have been discovered prior to trial; (ii) the court and the opposing party were promptly notified upon discovery of the witnesses;  (iii) if time permitted, the party proffered the witnesses for deposition; (iv) if time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

2.      The court makes the following orders concerning exhibits:

a.      If not already submitted to the court, the parties are directed to bring the original and three copies of each exhibit to trial;

b.      If not already done, the parties shall be prepared to exchange copies of their exhibits at the commencement of trial;

c.      Plaintiff will use numbers 1 through 499 to mark exhibits;

/ / /

1          d.      Defendant will use numbers 500 through 999 to
mark exhibits;

2

3          e.      No exhibits other than those specified in this order
will be permitted to be introduced unless: (i) the party proffering the
exhibit demonstrates that the exhibit is for the purpose of rebutting

4     evidence which could not have been reasonably anticipated; or (ii) the
exhibit was discovered after the issuance of this order and the proffering

5     party makes the showing required below;

6          f.      Upon the discovery of new exhibits, the parties shall
promptly inform the court and opposing party of the existence of such

7     exhibits so that the court may consider at trial their admissibility;

8          g.      Such exhibits will not be received unless the
proffering party demonstrates:  (i) the exhibits could not reasonably have

9     been discovered earlier; (ii) the court and the opposing party were
promptly informed of their existence; (iii) the proffering party forwarded a

10    copy of the exhibit(s) (if physically possible) to the opposing party;

11         h.      If exhibits may not be copied, the proffering party
must show that he has made the exhibits reasonably available for

12    inspection by the opposing party; and

13         i.      The original exhibits become the property of the
court for purposes of trial.

14

15    3.      The parties may file motions in limine by August 10, 2015.  Opposition to

16    motions in limine may be filed by August 17, 2015.  **Upon stipulation of the parties**, motions in

17    limine will be heard on August 21, 2015, at 10:00 a.m. in Redding, California.  Absent a

18    stipulation, motions in limine will be heard on August 24, 2015, at 9:00 a.m. in Sacramento,

19    California.

20    4.      The parties shall file proposed voir dire and jury instructions by August

21    18, 2015.

22    5.      A jury trial is confirmed for commencement on August 24, 2015, at 9:00

23    a.m. in Courtroom 4, 15th Floor, in Sacramento, California.

24    / / /

25    / / /

26    / / /

6.      Objections to this pre-trial order, if any, shall be filed by August 17, 2015.

DATED:  August 10, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE